IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-10-385-D |
| | ) | (Case No. CIV-12-490-D) |
| MANUEL ALFREDO HIGUERA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Manuel Alfredo Higuera's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 153].[1] The government has timely responded in opposition to the Motion, which is at issue.

**Factual and Procedural Background**

On December 15, 2010, a federal grand jury indicted Defendant and three co-defendants. The Indictment charged Defendant with two offenses: Count l, conspiracy to possess with intent to distribute 1 kilogram or more of heroin on November 30, 2010, in violation of 21 U.S.C. § 846; and Count 2, possessing with intent to distribute 1 kilogram or more of heroin on the same date, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. These charges resulted from arrests of Defendant and his co-defendants following a consensual search of a passenger bus that stopped in Oklahoma City, Oklahoma, during a cross-country trip from Phoenix, Arizona, to New York City, New York. Attorney Richard E. Stout was appointed to represent Defendant at his initial appearance, and the representation continued after the Indictment was issued.

---

[1] Although only a memorandum in support of a § 2255 motion was filed, the Court liberally construes Defendant's *pro se* filing as containing a motion that asserts the allegations and claims set forth in the memorandum.

One co-defendant, Adolfo Corral, filed a motion to suppress the evidence seized during the search of passengers on the bus, challenging the voluntariness of his consent to the search. After an evidentiary hearing at which two police officers and Mr. Corral testified, the Court denied the motion on January 28, 2011. The Court found that Mr. Corral's consent to a search of his shoes, in which heroin was found hidden in the soles, was freely and voluntarily given, and thus, no Fourth Amendment violation occurred.

Defendant, like his co-defendants, subsequently entered into a plea agreement with the government under which he agreed to plead guilty to a lesser charge contained in a one-count superseding information. Pursuant to his Petition to Enter Plea of Guilty, and a hearing conducted on February 10, 2011, Defendant entered a plea of guilty to the offense of possession with intent to distribute 100 grams of heroin. After a final presentence investigation report was prepared and filed, Defendant appeared for sentencing on June 28, 2011. The Court imposed a prison sentence of 60 months, to be followed by a 4-year term of supervised release. In accordance with the plea agreement, the Court ordered the dismissal of the Indictment as to Defendant. Defendant did not appeal.

**Defendant's Motion**

Although difficult to discern, Defendant appears to raise the following claims for relief: 1) errors occurred at sentencing because he should have received a reduced sentence based on substantial assistance to the government and his minor role in the offense; 2) his guilty plea was involuntary and coerced by government threats of additional charges; 3) the Court failed to adequately determine the voluntariness of his plea because of a deficient colloquy under Fed. R. Crim. P. 11; 4) he received ineffective assistance of counsel due his appointed counsel's failure to

interview witnesses, investigate the charges, file pretrial motions, and prepare for trial; and 5) he received ineffective assistance of counsel in connection with his guilty plea.

## Discussion

**A.     Waiver of Post-Conviction Rights**

The government has responded to the Motion by noting the limited issues to be considered in light of Defendant's plea agreement and its unequivocal waiver of Defendant's right to "collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." *See* Plea Agreement [Doc. No. 87], ¶ 8.a. Defendant specifically waived his right to challenge "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." *See id*. ¶ 8.b. The court of appeals has held "that a defendant may expressly waive, in a plea agreement, the right to bring a § 2255 collateral attack on his sentence or conviction, that such a waiver must be knowingly and voluntarily made, and that a claim of ineffective assistance of counsel brought pursuant to § 2255 survives such a waiver <u>where it challenges the validity of the plea or the waiver</u>." *United States v. Cockerham*, 237 F.3d 1179, 1190-91 (10th Cir. 2001) (emphasis added). Accordingly, in deciding whether to enforce a waiver of post-conviction rights, the court must determine: 1) whether the § 2255 motion falls within the scope of the waiver; 2) whether the defendant knowingly and voluntarily waived his right to bring a § 2255 motion; and 3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (addressing waiver of appeal); *Cockerham*, 237 F.3d at 1183 (same constraints on waiver of appeal apply to waiver of collateral attack).

In this case, the claims asserted in Defendant's § 2255 Motion concerning sentencing errors, Rule 11 rights, and counsel's pretrial and trial preparation, squarely fall within the scope of his waiver. Only Defendant's claims bearing on the voluntariness of his plea or plea agreement and the effectiveness of his counsel with regard to the guilty plea are proper for consideration, unless the Court finds that the waiver was not knowing and voluntary or that enforcing it would cause a miscarriage of justice.

**B.      Ineffective Assistance of Counsel**

Liberally construed, Defendant arguably alleges that counsel provided deficient advice that caused him to plead guilty and that counsel failed to conduct an adequate investigation before negotiating the plea agreement. The only specific deficiency is that counsel informed Defendant that he faced a possibility of more or greater charges unless "he agreed to a 60 months sentence." *See* Def's Motion [Doc. No. 153] at 6 (ECF page numbering). Defendant does not explain the alleged inadequacy of counsel's investigation.

        **1.      Standard of Decision**

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002). In the context of a guilty plea, the prejudice prong of the *Strickland* test requires a showing "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Premo v. Moore*, 131 S. Ct. 733,

745 (2011). If Defendant's claim fails either prong of the *Strickland* test, the Court need not reach the other, and the two prongs may be addressed in any order. *Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002); *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Where a defendant pleads guilty but claims that ineffective assistance rendered the plea involuntary, the Supreme Court has explained the proper application of the prejudice prong of *Strickland* as follows:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill*, 474 U.S. at 59. When a defendant claims after pleading guilty that he had no choice due to counsel's ineffectiveness, the defendant's statements and testimony at his plea hearing and any findings by the trial judge as to the voluntariness of the plea may properly be considered. *See Romero*, 46 F.3d at 1033.

### 2. Application to Defendant's Claim

Notably absent from Defendant's Motion in this case is any allegation that he would not have accepted the plea agreement but for alleged deficiencies in his attorney's performance and advice. To the contrary, Defendant begins his Motion by explaining that he simply made a bad decision, due to financial hardship, to accept an offer of $2,000 to transport one kilogram of heroine to New York. Defendant thus confirms his guilt of the offenses charged in the Indictment, for which the penalty was a mandatory minimum prison sentence of 10 years and maximum sentence of life imprisonment.

Defendant states he asked his attorney during their first visit to explain his circumstances to the Court. He also states he advised his attorney that he had agreed during his arrest to cooperate with the government and he wished to assist the Drug Enforcement Administration (DEA) in its investigation. *See* Def.'s Motion [Doc. No. 153] at 2, 3-4 (ECF numbering). Subsequently, through counsel's negotiation and advice, Defendant obtained a plea deal in which the Indictment was dismissed and Defendant pled guilty to a Superseding Information that charged a lesser drug offense for which the maximum prison sentence was 40 years and the mandatory sentence was 5 years in prison.

The Court easily finds that Mr. Stout's advice to accept a plea bargain resulting in a greatly reduced charge was not objectively unreasonable. There is no indication that he overlooked potentially exculpatory evidence or legal defenses. Mere conclusory allegations are insufficient to support an assertion of ineffective assistance of counsel. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The Court also finds no prejudice to Defendant that would support a finding of ineffective assistance. Therefore, Defendant's claim fails the *Strickland* test and lacks merit.

## C.   Voluntariness of Defendant's Guilty Plea

Regarding Defendant's allegations that his guilty plea was coerced and involuntary, the Court similarly finds Defendant's claim to be refuted by the existing record.

Defendant personally appeared before the Court on February 10, 2011, with his appointed counsel and a Spanish-language interpreter. Defendant's testimony during the change of plea hearing concerning his understanding of the charge and possible sentence, his guilt, and his desire to plead guilty was clear and unequivocal. Defendant also stated that he was satisfied with Mr. Stout's services. Contrary to the allegations of his Motion, the Court personally addressed

Defendant and carefully reviewed his constitutional rights, his plea petition, and the plea agreement, including the waiver of rights to appeal and collaterally challenge his conviction and sentence. Defendant assured the Court that he was pleading guilty of his own free will because he was in fact guilty, and as stated by the interpreter: "Everything is clear." *See* Hr'g Tr. at 14:11-13. Based on Defendant's representations, his manner of testifying, and the Court's observations, the Court expressly found at the hearing that Defendant's guilty plea was voluntarily made with a full understanding of the rights being waived and that Defendant was guilty as charged. *Id*. at 15:2-8.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975) (per curiam). The Court finds no such reason is presented here. The case record and Defendant's sworn testimony during the change of plea hearing on February 10, 2011, make clear that Defendant knowingly and voluntarily pled guilty to the Superseding Information. The Court finds that Defendant's current allegations of involuntariness are conclusory, and plainly lack merit.

**D.    Miscarriage of Justice**

Finally, no circumstance alleged or supported by the record would establish a miscarriage of justice if Defendant's waiver of post-conviction rights is enforced. As defined by the court of appeals, a miscarriage of justice may occur "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the

waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful." *See United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001); *see also Hahn*, 359 F.3d at 1327. The Court has already found that Defendant has failed to allege sufficient facts to support a finding that ineffective assistance of counsel rendered the plea or waiver invalid. There is no allegation that an impermissible factor was involved or that the waiver was otherwise unlawful. Defendant received the statutory maximum sentence for his offense of conviction. Thus, the Court finds Defendant's waiver is enforceable as to all other claims arguably raised by his Motion.

**E.   Conclusion**

For these reasons, the Court finds no merit in Defendant's claim of ineffective assistance of counsel and an involuntary guilty plea, and that Defendant's § 2255 Motion is barred by the waiver of his right to bring a collateral challenge.[2]

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] Because the existing record conclusively shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255(b).

Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied, and the denial shall be included in the judgment.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 153] is DENIED. A judgment shall be entered as set forth herein.

IT IS SO ORDERED this 2nd day of May, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE